

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

GEORGE JOHNSON
Vs.
Sergeant BREDET WILLIAMS et al

C.A. No.    2006 CA 004628 B

## **INITIAL ORDER**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JUDITH E RETCHIN
Date:  June 15, 2006
Initial Conference: 9:30 am, Friday, September 15, 2006
Location:  Courtroom 220
           500 Indiana Avenue N.W.
           WASHINGTON, DC 20001

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

George Johnson

*Plaintiff*

vs.  Civil Action No. 4628-06

District of Columbia
Serveron:
Office of AttorneyhGeneral    *Defendant*
441 4th Street, NW
Subtfloor
Washington, D.C. 20001

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Donald M. Temple, Esq. 408749

Name of Plaintiff's Attorney

1229 15th Street, NW

Address Washington, D.C. 20005

(202) 628-1101

Telephone

*Clerk of the Court*

Deputy Clerk

Date JUN 28 2006

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03



IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

**George Johnson**
9949 Campus Way South
Largo, Maryland 20774

   Plaintiff,

vs.

**Sergeant Bredet Williams**
Badge No. S0322
4th District Police Station
6001 Georgia Avenue, NW
Washington, D.C. 20011

**Officer John Doe No. 1,**
**Officer John Doe No. 2,**
**Officer John Doe No. 3,**
**Officer John Doe No. 4,**
**Officer John Doe No. 5,**
**Officer John Doe No. 6,**
In their individual and official capacities, and

**District of Columbia**
Serve on:
Mayor Anthony Williams
1350 Pennsylvania Avenue, NW
Washington, D.C. 20004

and

Office of the Attorney General
441 4th Street, NW
6th Floor
Washington, D.C. 20001
   Defendants.

```
         FILED
   CIVIL ACTIONS BRANCH
       JUN 1 5 2006
      SUPERIOR COURT
  OF THE DISTRICT OF COLUMBIA
      WASHINGTON, DC
```

0004628-06

**JURY TRIAL DEMANDED**



COMPLETED



Case: 2006 CA 004628 B

## JURISDICTION AND VENUE

1. Jurisdiction of the Court is invoked pursuant to District of Columbia Official Code § 11-921.

## PARTIES

2. Plaintiff Johnson is a citizen and resident of the State of Maryland.

3. Defendant District of Columbia is a municipality that controls and operates the District of Columbia Metropolitan Police Department ("MPD").

4. Defendant Sergeant Bredet Williams, Officer John Doe Nos. 1, 2, 3, 4, 5, and 6 at all times referenced herein were uniformed police officers, whose identities remain unknown at this time, but were assigned to a district, presently presumed to be the third district, and are being sued in their official and individual capacities.

## FACTS

5. On December 21, 2005, at approximately 1:00 a.m., Plaintiff and a companion were driving in the area of the intersection of 14th and W Streets in Northwest Washington, D.C.

6. Plaintiff made a left turn on 13th Street, and proceeded to drive North while obeying all traffic laws.

7. As Plaintiff approached the intersection at Piney Branch Road and Georgia Avenue, he observed police cars trailing him. He then came to an immediate and complete stop at the traffic light.

8. The police cars surrounded Plaintiff, and he was instructed, via loud speakers, to "put his hands up" and to get out of his car. By the time Plaintiff and his companion had exited the car, at least six police cars had arrived on the scene.

9. As Plaintiff stood outside of his car, obeying the defendant police officers' orders, several officers had drawn their loaded guns and had directed them at Plaintiff's head, back, side, and chest.

10. The defendant officers repeatedly shouted at Plaintiff and his companion to keep their hands up or they would be shot.

11. The officers detained Plaintiff and his companion on the side of the road at gunpoint for approximately 15 minutes while the officers checked Plaintiff's license and registration.

12. Plaintiff asked what he did to warrant such attention, and subsequently was told to shut up and remain still. At this time, he remained under gunpoint by all of the officers and with his hands in the air.

13. The Defendant officers eventually told Plaintiff that an anonymous tipster, via telephone, told an MPD dispatcher that a man matching Plaintiff's description and driving a green, 1992 Ford Explorer with Maryland tags 65M709 had been seen brandishing a gun. No other information was contained within the tip.

14. The officers then asked Plaintiff whether he would consent to a search of his car. Plaintiff consented, and the search did not yield any evidence of any contraband or any other criminal activity.

15. Plaintiff does not have a criminal record.

16. During and immediately after the arrest, Plaintiff became incredibly distraught and fearful. The next day, he spoke with MPD Lieutenant Rogers and was told that the officers were "just doing their job."

17. Shortly thereafter, Plaintiff began to suffer from chest pains, and was hospitalized at the Prince George's Hospital Center. Plaintiff remained hospitalized from December 26 through December 30, 2005.

18. A few weeks after being released from the hospital, Plaintiff again inquired of MPD why he was subjected to the treatment he experienced on December 21, 2005. Commander Hilton B. Burton informed Plaintiff that "because of the seriousness of the call, a man waving a gun, the officers were justified in the way they handled the situation."

19. Plaintiff maintains that the MPD officers who arrested him had neither probable cause to affect an arrest, nor did they have reasonable suspicion to conduct a brief investigative *Terry* stop. Moreover, because of well-established precedent set forth by the United States Supreme Court, and adopted by the District of Columbia Court of Appeals, the MPD officers' could not possibly have believed, in good faith, that their conduct toward Plaintiff was lawful.

20. At all times relevant to the events giving rise to this action, the District of Columbia was responsible for the policies and procedures followed by its police officers in their efforts to effect arrests, investigate criminal activity, and preserve individuals' constitutional rights. As such, the District of Columbia was and is responsible for the training, supervision, monitoring, and disciplining of all of its officers who engage in activity that requires vigilance to constitutional standards.

## COUNT I
### 42 U.S.C. § 1983 — UNLAWFUL SEIZURE

21. Plaintiff incorporates paragraphs 1 through 20 as if fully set forth herein.

22. The Defendant officers' unflinching acting upon and acceptance of the unsubstantiated truthfulness of what proved to be a wholly unreliable anonymous tip, resulting in the seizure of Plaintiff, is a practice so permanent and well settled that it amounts to a custom or usage with the force of law within the District of Columbia and MPD.

23. Additionally, officials within the District of Columbia government, as well as high-ranking officials within MPD, knew or should have known of the need to train

MPD officers with regards to how to respond to an anonymous tip. Such officials' failure to conduct such training, and their indifference to the need for such training, resulted in Defendants' unlawful seizure of Plaintiff.

24. The Defendant officers, through their deliberate action, and under color of state law, and the District of Columbia, through its failure to properly train and supervise the Defendant officers, under color of state law, wrongfully and unlawfully seized Plaintiff in violation of his 4th Amendment Constitutional right against unreasonable seizure.

25. As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered injury and damages, including, but not limited to, physical injury, humiliation, loss of self esteem, fear, embarrassment, and mental anguish.

## COUNT II
### 42 U.S.C. § 1983 – EXCESSIVE FORCE

26. Plaintiff incorporates paragraphs 1 through 25 as if fully set forth herein.

27. The Defendant police officers, with deliberate indifference to and reckless disregard for the safety and well-being of Plaintiff, and in violation of 42 U.S.C. § 1983, used excessive force in the form of aiming numerous loaded weapons at Plaintiff at close range, thereby depriving Plaintiff of his 4th Amendment constitutional rights.

28. Additionally, officials within the District of Columbia, as well as high-ranking officials within MPD, knew or should have known of the need to train MPD officers with regards to the excessiveness of drawing guns in the absence of either reasonable suspicion or probable cause. Such officials' failure to conduct such training, and their indifference to the need for such training, resulted in Plaintiff being subjected to excessive force.

29. The Defendant officers, through their deliberate action, and under color of state law, and the District of Columbia, through its failure to properly train and supervise the Defendant officers, under color of state law, wrongfully and unlawfully

seized Plaintiff in violation of his 4th Amendment Constitutional right against the use of excessive force.

30. As a direct and proximate result of Defendants' unlawful acts, Plaintiff has suffered injury and damages, including, but not limited to, physical injury, humiliation, loss of self esteem, fear, embarrassment, and mental anguish.

## COUNT III
## FALSE ARREST

31. Plaintiff incorporates paragraphs 1 through 30 as if fully set forth herein.

32. The Defendant officers intentionally and unlawfully arrested Plaintiff.

33. In so doing, Defendant officers intentionally detained Plaintiff for an appreciable amount of time and under the persistent threat of being shot.

34. Such arrest occurred without reasonable suspicion, without probable cause, and was not based on the arresting officers' reasonable beliefs that their conduct was lawful.

35. As a direct and proximate result of the Defendant officers unlawful acts, Plaintiff has suffered injury and damages, including, but not limited to, physical injury, humiliation, loss of self esteem, fear, embarrassment, and mental anguish.

## COUNT IV
## ASSAULT

36. Plaintiff incorporates paragraphs 1 through 35 as if fully set forth herein.

37. The Defendant officers, while working in the course of their employment and the scope of their authority, intentionally and unlawfully threatened to cause physical harm with Plaintiff by aiming, at close range, loaded firearms at Plaintiff's head, chest, side and back.

38. In so doing, the Defendant officers intentionally caused an apprehension of imminent physical harm and offensive contact with Plaintiff.

39. As a direct and proximate result of the Defendant officers' actions, Plaintiff has suffered injury and damages, including, but not limited to, physical injury, humiliation, loss of self esteem, fear, embarrassment, and mental anguish.

## COUNT V
## NEGLIGENT TRAINING AND SUPERVISION

40. Plaintiff incorporates by reference paragraphs 1 through 39 as if fully set forth herein.

41. At all times relevant herein, the Defendant officers acted under the direction and control, and pursuant to the rules, regulations, policies, and procedures of the Defendant District of Columbia, as implemented by MPD.

42. Defendants acted negligently, carelessly, recklessly, and deliberately indifferent by failing to properly train, supervise, control, direct and monitor the officers in their duties and responsibilities.

43. As a direct and proximate result of the acts and omissions of Defendant District of Columbia, Plaintiff was wrongfully seized and subjected to excessive force.

44. As a direct and proximate result of the Defendant officers' actions, Plaintiff has suffered injury and damages, including, but not limited to, physical injury, humiliation, loss of self esteem, fear, embarrassment, and mental anguish.

WHEREFORE, Plaintiff demands as follows:

(a) Judgment against all Defendants for compensatory damages in an amount in excess of two hundred and fifty thousand dollars ($250,000);

(b) Judgment against the Defendant officers for punitive damages in an amount in excess of two hundred and fifty thousand dollars ($250,000) for their unlawful conduct toward Plaintiff and to deter similar conduct in the future; and

(c) Judgment against Defendants for reasonable attorneys fees, costs, and such other relief as the Court deems proper.

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Dhamian Blue*

Donald M. Temple [408749]
Dhamian Blue [488664]
TEMPLE LAW OFFICES
1229 15th Street, N.W.
Washington, D.C. 20005
(202) 628-1101
**Counsel for Plaintiff**