UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE JOHNSON, | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | : Civil Action No.: 06-1453 (RCL) |
| | : |
| SERGEANT BREDET WILLIAMS, et al., | : |
| | : |
| **Defendants.** | : |
| | : |

### DEFENDANTS BREDET WILLIAMS AND THE DISTRICT
### OF COLUMBIA'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Bredet Williams and the District of Columbia ("Defendants"), by and through undersigned counsel, hereby answer the Complaint in the above-captioned matter.

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

The Defendants state the following in response to the individually numbered paragraphs in the Complaint.

### JURISDICTION AND VENUE

1. Defendants acknowledge the existence of the statutory provision cited in Paragraph number 1 of the Complaint but denies that jurisdiction over the subject matter is conferred solely thereby.

### PARTIES

2. The Defendants are without sufficient information or knowledge to admit or deny the factual allegations contained in paragraph 2 of the Complaint.

3. The Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. The Defendants admit that Defendant Williams is an employee of the Metropolitan Police Department ("MPD"). The Defendants are without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 4 of the Complaint.

## FACTS

5. The Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 5 of the Complaint.

6. The Defendants are without sufficient information or knowledge to admit or deny the allegations contained in paragraph 6 of the Complaint.

7. The Defendants admit that Plaintiff's vehicle was stopped at the intersection of Piney Branch Road and Georgia Avenue. The Defendants are without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 7 of the Complaint.

8. The Defendants admit that Plaintiff and his passenger were instructed to step out of the vehicle. The Defendants are without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 8 of the Complaint.

9. The Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. The Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. The Defendants admit that Plaintiff's license and registration was checked. The Defendants are without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 11 of the Complaint.

12. The Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. The Defendants admit that MPD responded to a 911 call regarding a man with a gun in a green Ford Explorer bearing Maryland Tag No. 658M037. The Defendants are without sufficient information to admit or deny the remaining allegations contained in paragraph 13 of the Complaint.

14. The Defendants admit the allegations contained in paragraph 14 of the Complaint.

15. The Defendants are without sufficient information to admit or deny the allegations contained in paragraph 15 of the Complaint.

16. The Defendants are without sufficient information to admit or deny the allegations contained in paragraph 16 of the Complaint.

17. The Defendants are without sufficient information to admit or deny the allegations contained in paragraph 17 of the Complaint.

18. The Defendants are without sufficient information to admit or deny the allegations contained in paragraph 18 of the Complaint.

19. The allegations in paragraph 19 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

20. The allegations in paragraph 20 of the Complaint are the legal conclusions of the pleader to which no response is required.

## COUNT I

21. Defendants incorporate by reference its response to paragraphs 1-20 of the Complaint.

22. The allegations in paragraph 22 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

23. The allegations in paragraph 23 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

24. The allegations in paragraph 24 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

25. The allegations in paragraph 25 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

## **COUNT II**

26. Defendants incorporate by reference its response to paragraphs 1-25 of the Complaint.

27. The allegations in paragraph 27 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

28. The allegations in paragraph 28 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

29. The allegations in paragraph 29 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

30. The allegations in paragraph 30 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

## COUNT III

31. The District incorporates by reference it response to paragraphs 1-30 of the Complaint.

32. The allegations in paragraph 32 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

33. The allegations in paragraph 33 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

34. The allegations in paragraph 34 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

35. The allegations in paragraph 35 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

## COUNT IV

36. Defendants incorporate by reference its response to paragraphs 1-35 of the Complaint.

37. The allegations in paragraph 37 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

38. The allegations in paragraph 38 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

39. The allegations in paragraph 39 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

## **COUNT V**

40. The District incorporates by reference its response to paragraphs 1-39 of the Complaint.

41. The allegations in paragraph 41 of the Complaint are the legal conclusions of the pleader to which no response is required.

42. The allegations in paragraph 42 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

43. The allegations in paragraph 43 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

44. The allegations in paragraph 44 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendants deny the allegations and demand strict proof at trial.

Further answering the complaint, defendants assert that anything not specifically admitted herein is denied.

### Third Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from Plaintiff's own willful conduct.

### Fourth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, recovery for said injuries and/or damages is barred, because the Plaintiff assumed the risk of such injuries by his own willful conduct.

### Fifth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from Plaintiff's own contributory negligence.

### Sixth Defense

If the Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct of a person or persons other than the District, its employees, agents, or servants acting within the scope of their employment.

### Seventh Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the sole or concurring negligence of a person or persons other than the District, its employees, agents, or servants acting within the scope of their employment.

### Eighth Defense

All actions performed by the District, its employees, servants, or agents acting within the scope of their employment, met or exceeded the applicable standard of care.

### Ninth Defense

Plaintiff might have failed to mitigate any damages that he may have incurred.

### Tenth Defense

Plaintiff might have failed to comply with the mandatory notice requirements of D.C. Code § 12-309 (2001 ed.).

### Eleventh Defense

Plaintiff's claim might be barred by the applicable statute of limitations.

### Thirteenth Defense

If Plaintiff was injured and/or damaged as alleged in the Complaint, the District's conduct was performed in self-defense or to protect the safety others.

### Fourteenth Defense

All federal claims against the individual defendants are barred by the doctrine of qualified immunity.

### Fifteenth Defense

Defendant is immune from the claims in this suit. Liability is barred by the doctrines of sovereign immunity, governmental immunity, privilege, and/or official immunity. Plaintiff lacks capacity to bring this suit. The actions of defendant were discretionary decisions for which there can be no liability. Plaintiff's claims are barred by the public duty doctrine.

### Sixteenth Defense

Any force used by defendant and its employees acting within the scope of their employment was reasonable under the circumstances.

### Seventeenth Defense

Any arrest of the plaintiff in this case was legally justified and supported by probable cause or a reasonable belief by the defendants that a crime had been or was about to be committed.

### *Set-off*

The District asserts a set-off for all funds and services provided to the Plaintiff through Medicare, Medicaid, public assistance or other sources.

### JURY DEMAND

Defendants hereby demand a trial by jury.

WHEREFORE, the Defendants pray the Court dismiss the Complaint and award Defendants the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE

Deputy Attorney General,
Civil Litigation Division

_____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

_____/s/_____
NICOLA N. GREY [492150]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6626; (202) 727-6295
(202) 727-3625 (fax)
E-mail: nicola.grey@dc.gov