UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE JOHNSON, | : |
| Plaintiff, | : |
| v. | : Civil Action No.: 06-1453 (RCL) |
| | : Next Event: November 18, 2006 |
| SERGEANT BREDET WILLIAMS, et al., | : Joint Rule 16.3 Due |
| Defendants. | : |

## JOINT RULE 16.3 REPORT

The parties to the captioned action hereby submit the following report in accordance with Local Rule 16.3 of the Civil Rules of this Court and the Chambers' Rules of Judge Royce C. Lamberth. Counsel participated in a telephonic "meet and confer" session on November 16, 2006. Dhamian Blue was present for the Plaintiff, and Nicola N. Grey participated for the Defendants the District of Columbia and Sergeant Bredet Williams (collectively referred to as "Defendants"). The numbered paragraphs that follow the statement of the case correspond to the identically numbered paragraphs in Local Rule 16.3. Per Judge Lamberth's Order for Initial Scheduling Conference, the parties also submit, below, a brief statement of the case and the statutory basis for all causes of action and defenses.

1. Plaintiff believes that his claims can be resolved by dispositive motion. Currently, no dispositive motions have been filed by either party. Defendants[1] believe that dispositive motions may be appropriate after the close of discovery.

---

[1] The term "Defendants" used throughout this Report includes both Defendant District of Columbia and Defendant Sergeant Williams, unless the Defendants are identified separately by name.

1

2.    This case involves claims against as yet unidentified actors – John Does 1-6. With respect to the John Does 1-6, Plaintiff will seek leave to amend the Complaint as soon as the John Does can be identified through discovery and after evaluating whether a cause of action lies against those currently unidentified officers. Defendants believe plaintiff should amend his Complaint no later than sixty days after the deadline for initial disclosures.

The parties do not believe the factual and legal issues can be agreed upon or narrowed at this time.

3.    The parties propose that this case should not be assigned to a magistrate judge for any purpose other than mediation.

4.    It is unclear at this early stage of the litigation whether there is a realistic possibility of settling this case.

5.    The parties have discussed the possibility of alternative dispute resolution with their clients. At this time, the parties believe that they would not benefit from an early ADR.

6.    Plaintiff believes this case will be resolved by summary judgment. Defendants believe that this case may be resolved by summary judgment after the close of discovery. Any dispositive motions should be filed on or before May 14, 2007.

7.    The parties propose that they exchange the initial disclosures set forth in Fed. R. Civ. P. 26(a) fourteen days after the entry of the scheduling order.

8.    The parties propose that discovery close on or before April 30, 2007. The parties propose that they shall serve written discovery requests on or before January 31, 2007.

9. The Plaintiff proposes that he be allowed to propound 25 interrogatories to each Defendant. Defendants propose that they be allowed to propound 25 interrogatories on Plaintiff. The parties propose that they should not exceed the ten (10) depositions allowed under Federal Rule of Civil Procedure 30 and Local Rule 30.

10. The parties propose that Plaintiff's Rule 26(a)(2) disclosures, if any, be made by February 14, 2007 and Defendants' disclosures be made by March 28, 2007.

11. The matters set forth in Local Rule 16.3(c)(10) are limited to class actions and are thus inapplicable to this case.

12. The parties believe that bifurcation should not be utilized in this case at this time. The Defendants reserve the right to raise this issue later in this lawsuit as the factual record is developed.

13. The parties believe that a pretrial conference should be held within 30 days after the Court rules on dispositive motions filed after the close of discovery. If no dispositive motions are filed, the parties believe that a pretrial conference should be held on May 21, 2007.

14. The parties believe that a trial date should be set at the pretrial conference.

15. No other matters have been discussed between the parties that would be appropriate for inclusion in a scheduling order.

16. The Proposed Scheduling Order is attached hereto for the Court's consideration.

**Statement of the Case and Statutory Basis for Causes of Action and Defenses**

<u>Plaintiff's Contentions</u>

On December 21, 2005, at approximately 1:00 a.m., Plaintiff and a companion were driving in the area of the intersection of 14th and W Streets in Northwest Washington, D.C. Despite Plaintiff's not having violated any traffic laws, several police cars surrounded Plaintiff, and he was instructed, via loud speakers, to "put his hands up" and to get out of his car. By the time Plaintiff and his companion had exited the car, at least six police cars had arrived on the scene. As Plaintiff stood outside of his car, obeying the defendant police officers' orders, several officers had drawn their loaded guns and had directed them at Plaintiff's head, back, side, and chest. The defendant officers repeatedly shouted at Plaintiff and his companion to keep their hands up or they would be shot.

The officers detained Plaintiff and his companion on the side of the road at gunpoint for approximately 15 minutes while the officers checked Plaintiff's license and registration. Plaintiff asked what he did to warrant such attention, and subsequently was told to shut up and remain still. The Defendant officers eventually told Plaintiff that an anonymous tipster, via telephone, told an MPD dispatcher that a man matching Plaintiff's description and driving a green, 1992 Ford Explorer with Maryland tags 65M709 had been seen brandishing a gun. No other information was contained within the anonymous tip.

During and immediately after the arrest, Plaintiff became incredibly distraught and fearful. Shortly thereafter, Plaintiff began to suffer from chest pains, and was hospitalized at the Prince George's Hospital Center. Plaintiff remained hospitalized from December 26 through December 30, 2005.

4

A few weeks after being released from the hospital, Plaintiff inquired of the Metropolitan Police Department ("MPD") why he was subjected to the treatment he experienced on December 21, 2005. Plaintiff only was informed that "because of the seriousness of the call, a man waving a gun, the officers were justified in the way they handled the situation." Plaintiff maintains that the MPD officers who arrested him had neither probable cause to affect an arrest, nor did they have reasonable suspicion to conduct a brief investigative *Terry* stop. Moreover, because of well-established precedent set forth by the United States Supreme Court, and adopted by the District of Columbia Court of Appeals, the MPD officers' could not possibly have believed, in good faith, that their conduct toward Plaintiff was lawful.

At all times relevant to the events giving rise to this action, the District of Columbia was responsible for the policies and procedures followed by its police officers in their efforts to effect arrests, investigate criminal activity, and preserve individuals' constitutional rights. As such, the District of Columbia was and is responsible for the training, supervision, monitoring, and disciplining of all of its officers who engage in activity that requires vigilance to constitutional standards.

The statutory or common law bases for Plaintiff's claims are 42 U.S.C. § 1983, false arrest, assault, and negligent training/supervision.

Defendants' Contentions

The Defendants deny all allegations of wrongdoing of acts of commission or omission. The Defendants do not believe that they have violated any laws, or are liable for any misconduct. Specific defenses are as follows:

1. Plaintiff cannot establish that a District custom, policy, and/or practice was the moving force that resulted in his alleged injuries.

2. Defendant Williams is entitled to qualified immunity for his complained of conduct.

3. If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from Plaintiff's own willful conduct.

4. If Plaintiff was injured and/or damaged as alleged in the Complaint, recovery for said injuries and/or damages is barred, because the Plaintiff assumed the risk of such injuries by his own willful conduct.

5. If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from Plaintiff's own contributory negligence.

6. If the Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the sole or concurring intentional conduct of a person or persons other than the District, its employees, agents, or servants acting within the scope of their employment.

7. If Plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from the sole or concurring negligence of a person or persons other than the District, its employees, agents, or servants acting within the scope of their employment.

8. All actions performed by the District, its employees, servants, or agents acting within the scope of their employment, met or exceeded the applicable standard of care.

9. Defendant Williams is entitled to a privilege for her alleged conduct.

10. Defendant Williams pleads self-defense or defense of others.

11. Plaintiff's claims may be barred by the public duty doctrine.

DATED: November 17, 2006

    Respectfully submitted,

    **Counsel for Plaintiff**

    /s/
    Donald M. Temple [408749]
    Dhamian Blue [408749]
    TEMPLE LAW OFFICES
    1229 15th Street, N.W.
    Washington, D.C. 20005

(202) 628-1101

**Counsel for Defendants**

EUGENE A. ADAMS
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

_____/s/_____
NICOLA N. GREY [492150]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6626; (202) 727-6295
(202) 727-3625 (fax)
E-mail:  nicola.grey@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE JOHNSON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No.: 06-1453 (RCL) |
| | : Next Event: November 18, 2006 |
| SERGEANT BREDET WILLIAMS, et al., | : Joint Rule 16.3 Due |
| | : |
| Defendants. | : |
| | : |

## JOINT PROPOSED SCHEDULING ORDER

Upon consideration of the Joint Rule 16.3 Report, it is hereby

ORDERED that the following schedule for discovery, dispositive motions, pretrial conference, and trial is adopted:

| Event | Date/Deadline |
|---|---|
| Initial Disclosures | Fourteen days after entry of scheduling order |
| Plaintiff's Rule 26(a)(2) Disclosures | February 14, 2007 |
| Defendants' Rule 26(a)(2) Disclosures | March 14, 2007 |
| Amend Complaint | Sixty days after initial disclosures are served. |
| Close of Discovery (including expert discovery) | April 30, 2007 |
| Dispositive Motions | May 14, 2007 |
| Oppositions to Dispositive Motions | June 14, 2007 |
| Reply in Support of Dispositive Motion | June 28, 2007 |
| Filing of Pretrial Statements | One week before pretrial conference |

| Event | Date/Deadline |
|---|---|
| Pretrial Conference | Thirty (30) days after the Court's ruling on dispositive motions filed after the close of discovery; if no dispositive motions are filed, then May 21, 2007. |
| Jury Trial | To be set at pretrial conference |

This schedule may be modified at any time by the Court's own Order or upon motion of a party upon showing good cause.

Entered this _____ day of _____ 2006.

_____
District Judge Royce C. Lamberth

Copy to:

**Counsel for Plaintiff:**

Donald M. Temple, Esq.
Dhamian Blue, Esq.
TEMPLE LAW OFFICES
1229 15th Street, N.W.
Washington, D.C. 20005
(202) 628-1101

**Counsel for Defendants:**

Nicola Grey
Assistant Attorney General
Civil Litigation Division
General Litigation, Sec. IV
441 4th Street, N.W.
Washington, D.C. 20001