UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                      )
**GEORGE JOHNSON,**                   )
                                      )
                  **Plaintiff,**      )
                                      )        **C.A. No. 06-1453 (RCL)**
          **v.**                      )
                                      )
**SERGEANT BREDET WILLIAMS,** *et al.*  )
                                      )
                  **Defendants.**     )
_____ )

## JOINT PRETRIAL STATEMENT

**A.**  **Settlement Prospects**

The parties met on August 22, 2008, and Defendants do not believe settlement is possible, but will entertain any settlement offers from Plaintiff.

**B.**  **Parties and Counsel**

**Plaintiff:**

Mr. George Johnson
9949 Campus Way
South Largo, MD 20774

**Plaintiff's Counsel:**

Donald M. Temple, Esq.
Donald Temple P.C.
1229 15th Street, N.W.
Washington, D.C. 20005

Rabiah Abdullah, Esq.
Donald Temple, P.C.
1229 15th Street, N.W.
Washington, D.C. 20005

**Defendants:**

Sergeant Bredet Williams (Badge No. S0650)
Fourth District Station
6001 Georgia Ave., N.W.

Washington, DC 20011

John Does **(Defendant objects to "John Does" as Plaintiff has failed to amend his complaint in a timely fashion and serve any "John Does.")**

District of Columbia

**Defendants' Counsel:**

Vanessa E. Atterbeary
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001

Shana L. Frost
Assistant Attorney General
441 Fourth Street, N.W.
6th Floor South
Washington, D.C. 20001

C.          **Statement of the Case**

            **Plaintiff's Proposed Statement**

        The case before you arises out of an incident that occurred on December 1, 2001 at

approximately 1:00 am in the area of Piney Branch and Georgia Ave. in Northwest Washington,

D.C.   As a result of an anonymous phone call made to a police dispatcher that Plaintiff, Mr.

George Johnson, was brandishing a gun while in his vehicle, at least seven police officers led

by Defendant Bredet Williams stopped and detained Mr. Johnson, with multiple guns drawn

and pointed at his head.

        Mr. Johnson and his passenger exited his vehicle and cooperated with the police. No

weapon was found on him or in his vehicle and he was subsequently released.  Mr.  Johnson,

age 55, claims that he suffered emotional and physical harm as a result of this incident, which

required him to be hospitalized, and he brings this case for damages based upon his injuries and

the following causes of action:  Violation of his fourth amendment constitutional rights under a

federal statute, 42 United States Code Section 1983, and certain common law claims: false arrest, assault and negligent training and supervision.

He suffered chest pains and was traumatized physiologically to the extent that he was admitted to Prince George's Hospital for five (5) days of hospitalization, from December 26 through 30.

**Defendants' Proposed Statement**

This action arises out of an incident that occurred on December 21, 2005. On December 21, 2005, the Metropolitan Police Department (MPD) responded to an anonymous tip in which a man, driving a particular vehicle, with particular tags and at a particular location was brandishing a gun. As a result of the anonymous tip, Mr. Johnson was stopped by Sergeant Williams and other members of the MPD. As a result of this incident, Mr. Johnson is alleging false arrest, assault and negligent training and supervision.

(Defendants object to plaintiff's proposed statement of the case on the grounds that it is an opening statement rather than a neutral statement of the case that can be read to the jury)

**Joint Statement of Jurisdiction**

Mr. Johnson brings this action against Defendants to redress the deprivation of rights secured him under the Fourth Amendment to the United States Constitution (made actionable by 42 U.S.C. § 1983). This court has jurisdiction under 28 U.S.C. § 1331 (federal question) and has supplemental jurisdiction to adjudicate common law claims under the laws of the District of Columbia pursuant to 28 U.S.C. § 1367. Venue is proper in this District pursuant to U.S.C. § 1391, as the unlawful conduct complained of took place in the District of Columbia.

**D.     Claims and Defenses**

**1.     Plaintiff's Claims:**

Plaintiff brings the following claims against Defendants District of Columbia and Bredet

Williams:  42 U.S.C. 1983 – Unlawful Seizure; 42 U.S.C. 1983 – Excessive Force; False Arrest; Assault; and Negligent Training and Supervision.  Plaintiff maintains that his Fourth Amendment rights were violated pursuant to *Florida v. J.L.*, 529 U.S. 266 (2000), an opinion handed down by the U.S. Supreme Court.  That opinion holds that an anonymous tip, i.e., that an unknown person is carrying a gun is, without more, insufficient to justify a police officer's stop and frisk of that person.  Plaintiff contends that the anonymous tip in the instant case lacked the requisite indicia of reliability to provide reasonable suspicion to justify an investigatory stop and the resulting treatment herein.  Plaintiff further contends that the impermissible *Terry* stop herein constituted an arrest given its duration and circumstances.     and further, that all harm that followed is actionable.

Plaintiff reserves the right to supplement citations, if appropriate.

*Florida v. J.L*, 529 U.S. 266 (2000)

*U.S. v. Bellamy*, 619 A.2d 515 (1993)

     2.    **<u>Defendants' Defenses and Counterclaims</u>**:

    a.  Sergeant Williams reasonably suspected that Mr. Johnson possessed a gun at the time he was stopped.

    b.  The search of plaintiff conducted by the officers was reasonable, lawful, and no more intrusive than necessary.

    c.  Sergeant Williams is entitled to qualified immunity for her actions.

    d.  Plaintiff's allegations in counts I and II do not rise to the level of Constitutional violations.

    e.  Plaintiff was stopped for a legitimate investigative purpose.

    f.  Sergeant Williams' actions were privileged.

    g.  Plaintiff has failed to name an expert for his negligent training and supervision claim.

h.   Plaintiff has failed to name an expert for his injury claim.

i.   Plaintiff does not have sufficient evidence against the District to proceed with his civil rights claims.

j.   Defendants have not made any counterclaims.

k.   Plaintiff's claims are barred under the doctrine of sovereign immunity, discretionary function, qualified immunity, privilege and/or official immunity.

l.   Defendants deny any violation of Plaintiff's Constitutional rights or any rights under common law.

m.   Defendants assert immunity and the absence of bad faith.

n.   Defendants deny all allegations of wrongdoing, including but not limited to, violations of common law or state law.

o.   Plaintiff has failed to state a claim upon which relief can be granted.

p.   Plaintiff has failed to comply with §12-309.

q.   Statute of Limitations.

r.   Plaintiff has failed to name a supervisor.

## E.   <u>Witnesses</u>

1. **<u>Plaintiff's Witness list</u>**

<u>Will call</u>

a.   Aisha Kahlil, passenger in Plaintiff's vehicle.  9516 McAlpine Road, Silver Spring, MD 20901.  She will testify as an eyewitness to the subject incident, her direct observation of police conduct and direct observation of the resulting impact of police conduct on the Plaintiff. (1 hour)

b.   Delores M. Johnson, mother of Plaintiff: 9949 Campus Way South, Largo, MD 20074.  Family member eyewitness to Plaintiff's physical symptoms, mental and emotional state after the subject incident. (30-45 min.)

**Objection: Defendant objects as the testimony is cumulative and irrelevant. Defendants request a proffer as to the testimony's relevance. F.R.C.P. 401, 402, 403.**

c.      Officer Derek Johnson, brother of Plaintiff, Howard County Police Dept (Police Officer): 4903 Webbed Ft Way, Ellicott City, MD 21043.

**Objection: Defendant objects as the testimony is cumulative and irrelevant. Defendants request a proffer as to the testimony's relevance. F.R.C.P. 401, 402, 403.**

d.      Andrew Keenan, M.D., treating physician, Prince George's Hospital Center, Cheverly, MD 20785.

**Objection: Plaintiff has failed to identify a medical expert in this matter and; therefore, Dr. Keenan cannot testify, as a treating physician, as to causation, foreseeability, prognosis, permanency and plaintiff's current condition. F.R.C.P. 26(a)(2)**

e.      Surinder Singh, M.D., treating physician, 7319 A Hanover Parkway, Greenbelt, MD 20770.

**Objection: Plaintiff has failed to identify a medical expert in this matter and; therefore, Dr. Singh cannot testify, as a treating physician, as to causation, foreseeability, prognosis, permanency and plaintiff's current condition. F.R.C.P. 26(a)(2)**

f.      Commander Hilton Burton:   Regarding police practice and training on traffic stops.  (1 hour)

**Objection:  Defendant objects as the testimony is hearsay and the witness has no personal knowledge of the December 21, 2005 incident. F.R.C.P. 602, 801, 802**

g.      Plaintiff will testify and reserves the right to call as witnesses at trial defendant

and any witness identified and listed by defendant in this pretrial statement.

May Call

h.    Lt. Eric Hayes, MPD, Fourth District.  He will testify regarding Polices and

procedures that governed his investigation of Plaintiff's Civilian complaint.

**Objection:  Defendant objects as the testimony is hearsay and the witness has no
personal knowledge of the December 21, 2005 incident. F.R.C.P. 602, 801, 802**

i.    Rodney T. Johnson, brother of Plaintiff:  9949 Campus Way South, Largo, MD

20074.  Family member eyewitness to Plaintiff's physical symptoms, mental and emotional state

after the subject incident.  (will call – 30-45 min.)

**Objection:  Defendant objects as the testimony is cumulative and irrelevant.
Defendants request a proffer as to the testimony's relevance.  F.R.C.P. 401, 402, 403**

2.  **Defendant's Witnesses**

a. Sergeant Bredet Williams:  Fourth District Station, 6001 Georgia Ave., N.W.,
Washington, DC, 20011

Sergeant Williams is a defendant in this case and was present at the incident.

Sergeant Williams will testify as to the incident and the events surrounding the incident.  Her

testimony is expected to last 1 hour.

b.  Officer Anthony Attardo:  Fourth District Station, 6001 Georgia Ave., N.W.,
Washington, DC, 20011.

Officer Attardo is not a defendant in this case; however, he was present at the incident.

Officer Attardo will testify as to the incident and the events surrounding the incident.  His

testimony is expected to last 1 hour.

c.  Officer Clayton Smith:  Fourth District Station, 6001 Georgia Ave., N.W.,
Washington, DC, 20011.

Officer Smith is not a defendant in this case; however, he was present at the incident.

Officer Smith will testify as to the incident and the events surrounding the incident.  His

testimony is expected to last 1 hour.

        d.  Officer Myron Glover:  Fourth District Station, 6001 Georgia Ave., N.W., Washington, DC, 20011.

Officer Glover is not a defendant in this case; however, he was present at the incident. Officer Smith will testify as to the incident and the events surrounding the incident.  His testimony is expected to last 1 hour.

        e.  Officer Hugh Carew, Jr.:  Fourth District Station, 6001 Georgia Ave., N.W., Washington, DC, 20011.

Officer Carew is not a defendant in this case; however, he was present at the incident. Officer Smith will testify as to the incident and the events surrounding the incident.  His testimony is expected to last 1 hour.

        f.  Officer Lawrence Beam:  Fourth District Station, 6001 Georgia Ave., N.W., Washington, DC, 20011.

Officer Beam is not a defendant in this case; however, he was present at the incident. Officer Smith will testify as to the incident and the events surrounding the incident.  His testimony is expected to last 1 hour.

        g.  Officer Banita Alston:  Office of Police Communications, 310 MacMillan Drive, N.W., Washington, D.C. 20009.

Officer Alston will testify regarding MPD procedures when a 911 call is received and relayed to dispatch.  In addition, she will authenticate the 911 tape.  Officer Alston's testimony is expected to last 1 hour.

        h.  James Wells: Fourth District Station, 6001 Georgia Ave., N.W., Washington, DC, 20011.

Officer Wells is not a defendant in this case; however, he was present at the incident. Officer Wells will testify as to the incident and the events surrounding the incident.  His testimony is expected to last 1 hour.

        i.  Dennis Vaughn:  Fourth District Station, 6001 Georgia Ave., N.W., Washington, DC, 20011.

Officer Vaughn is not a defendant in this case; however, he was present at the incident. Officer Vaughn will testify as to the incident and the events surrounding the incident. His testimony is expected to last 1 hour.

        j. Juan Buford:  Fourth District Station, 6001 Georgia Ave., N.W., Washington, DC, 20011.

Officer Buford is not a defendant in this case; however, he was present at the incident. Officer Buford will testify as to the incident and the events surrounding the incident. His testimony is expected to last 1 hour.

**F.**    **Exhibits**

     **Plaintiff**

       1  Radio Run audiotape of anonymous tip, dated December 21, 2005 (Stipulated as to admissibility: joint exhibit)

       2  MPD General Order 901.07, Use of Force, dated October 7, 2002

       **Objection: Defendant objects to this evidence as irrelevant and requests a proffer as to its relevance.  F.R.C.P. 401, 402.**

       3 MPD General Order 304.10, Police – Citizen Contacts, Stops and Frisks, dated July 1, 1973 and any revisions thereto.

       **Objection: Defendant objects to this evidence as irrelevant and requests a proffer as to its relevance.  F.R.C.P. 401, 402.**

       4 MPD General Order 201.26, Responsibilities and Conduct of Members of the Department, dated November 10, 1976

       **Objection: Defendant objects to this evidence as irrelevant and requests a proffer as to its relevance.  F.R.C.P. 401, 402.**

5  MPD General Order 304.15, Unbiased Policing, dated June 6, 2002, rev.

March 19, 2007

**Objection: Defendant objects to this evidence as irrelevant and requests a proffer as to its relevance. F.R.C.P. 401, 402.**

6 Defendants' Answers to Interrogatories, dated May 23, 2007 (for

impeachment purposes only)

7 Citizen Complaint Form dated 12/25/05

8 Medical Record from Prince George's Hospital Center.

**Objection: Defendant objects as this was not produced in Plaintiff's discovery responses. F.R.C.P. 34**

9 Billing from Prince George's Hospital Center

**Objection: Plaintiff has failed to identify a medical expert to show a causal connection between the December 21, 2005, incident and his alleged injuries. F.R.C.P. 26(a)(2)**

10       Billing from Medical Faculty Associates

**Objection: Plaintiff has failed to identify a medical expert to show a causal connection between the December 21, 2005, incident and his alleged injuries. F.R.C.P. 26(a)(2)**

11       Billing from PGHC Cardiology Associates

**Objection: Plaintiff has failed to identify a medical expert to show a causal connection between the December 21, 2005, incident and his alleged injuries. F.R.C.P. 26(a)(2)**

12          Billing from Premier Radiology Assoc

**Objection: Plaintiff has failed to identify a medical expert to show a causal connection between the December 21, 2005, incident and his alleged injuries. F.R.C.P. 26(a)(2)**

13          Billing from Andrew Keenan, M.D. (cardiology)

**Objection: Plaintiff has failed to identify a medical expert to show a causal connection between the December 21, 2005, incident and his alleged injuries. F.R.C.P. 26(a)(2)**

a.  **Defendant**

|   | Exhibit Title and Description | Date | Expect to Offer or May Offer |
|---|---|---|---|
| 1 | 911 tape & Transcription | 12/21/05 | Expect to Offer<br><br>Joint Exhibit |
| 2 | Statement of Plaintiff | 12/22/05 | May Offer |
| 3 | PD-251 | 12/21/05 | May Offer<br><br>Objection on Hearsay<br><br>Grounds |
| 4 | Event Chronology | 12/21/05 | Expect to Offer<br><br>Objection Hearsay and other grounds |

11

| 5 | Statement of Defendant | There is no date on the document; however, it was created on 12/21/05. | May Offer<br><br>Objection Hearsay |
|---|---|---|---|

## G.  Deposition Use

### 1.  Plaintiff

- Plaintiff designates possible de *bene esse* deposition testimony of Plaintiff's treating physician Dr. Andrew Keenan and/or Dr. Surinder Singh.

**Objection:  Plaintiff has not identified either doctor as a medical expert to show a causal connection between the December 21, 2005, incident and his alleged injuries.  As a result, neither doctor can testify as to plaintiff's current condition, issues of causation, foreseeability, prognosis and permanency.**

### 2.  Defendants

Defendants cannot counter-designate portions of Plaintiff's deposition testimony because Plaintiff has failed to identify portions of the deposition transcript he intends to use at trial.  LCvR 15.5(b)(7)

Defendant may use Plaintiff's deposition for any purpose.

## H.    Itemization of Damages

### 1.  Plaintiff

| | |
|---|---|
| Prince George's Hospital Center | $6,881.97 |
| PGHC Cardiology Associates | 102.00 |
| Medical Faculty Associates | 389.00 |
| Premier Radiology Associates | 26.00 |
| Andrew Keenan, M.D. | 720.00 |
| Lost income from work as singer | 6,000.00 |

12

| | |
|---|---|
| Lost income from semester at AU | 2,500.00 |
| SUBTOTAL | $16,618.97 |

Plaintiff also seeks compensation for the pain, suffering, mental anguish, emotional and physiological trauma he experienced as a result of the subject incident.

**Objection: Defendant objects to plaintiff's itemization of damages. Defendant objects to damages related to Prince George's Hospital Center, PGHC Cardiology Associates, Medical Faculty Associates, Premier Radiology Associates and Andrew Keenan, M.D. as plaintiff has failed to identify a medical expert to show a causal connection between the December 21, 2005, incident and his alleged injuries. Defendant objects to damages related to plaintiff's lost income as a singer and from AU as plaintiff failed to substantiate the alleged damages in his responses to discovery. F.R.C.P. 26(a)(2) and (34)**

    2. <u>**Defendant**</u>

    Defendant contends that plaintiff sustained no damages. Defendants request judgment in their favor and for costs.

**I.**    <u>**Stipulated Facts**</u>

    At the time of the incident, Sergeant Bredet Williams was a duly appointed Metropolitan Police Officer and was acting within the scope of her employment. All officers on the scene herein were responding to an anonymous tip from a police dispatcher about a man matching plaintiff's description, in the vehicle in which plaintiff was driving and with an almost identical tag number, brandishing a gun. The parties note that they may agree to additional stipulations prior to the trial and do not waive the right to do so.

**J.**    <u>**Stipulation As To Admissibility and Authenticity of Documents**</u>

### 1.  Plaintiff

Radio tape

### 2.  Defendant

911 tape and radio tape.  Plaintiff has not provided his exhibits, therefore, Defendants cannot stipulate to the admissibility or authenticity of any documents.  Upon receipt of Plaintiff's exhibits, Defendants reserve the right to interpose objections.

**K.    Outstanding Motions**

### 1.  Plaintiff

None.

### 2.  Defendant

Defendant filed a Motion In Limine on August 27, 2008.

**L.    Proposed Amendments to the Pleadings**

1.  **Plaintiff:** Identification of John Does

**Objection:  Defendants object to plaintiff amending his pleading with trial scheduled in this matter in less than two weeks.**

2.  **Defendant**    None.

**M.  Estimate of Trial Time**

### 1.  Plaintiff- 3days

### 2.  Defendant - 3 days.

**N.  Waiver of Jury Trial**

### 1.  Plaintiff – None.

### 2.  Defendant – None.

**O.  Proposed Voir Dire**

### 1.  Plaintiff

### 2.  Defendant

Defendants' proposed *voir dire* is attached.

**P.  Proposed Jury Instructions**

    **1.  List of Standard Blue Book Jury Instructions Requested by the Parties**

| | |
|---|---|
| 1.1 | Function of the Court |
| 1.2 | Function of the Jury |
| 1.3 | Significance of Party Designations |
| 1.4 | Juror's Duty to Deliberate |
| 1.5 | Attitude & Conduct of Jurors |
| 1.6 | Instructions to Be Considered as a Whole |
| 1.7 | Court's Comments on Evidence |
| 1.8 | Court's Questions to Witnesses |
| 1.9 | Jury Not to Take Cue from Judge |
| 1.10 | Ruling on Objections |
| 1.11 | Equality of Litigants – Corporations (D.C. is a municipal corporation) |
| 1.12 | Equality of Litigants-individuals |
| 2.1 | Evidence in the Case |
| 2.3 | Inferences |
| 2.4 | Inadmissible and Stricken Evidence |
| 2.5 | Statements of Counsel |
| 2.6 | Jury's Recollection Controls |
| 2.7 | Evidence Admitted Against One Party Only |
| 2.8 | Burden of Proof |
| 2.9 | Evidence Produced by Adversary |
| 2.10 | Direct and Circumstantial Evidence |
| 3.1 | Jury to Determine Credibility of Witnesses |
| 3.2 | Number of Witnesses |
| 3.4 | Failure to Produce Stronger Available Evidence |
| 3.6 | Missing Witness |
| 3.8 | Impeachment by Prior Inconsistent Statements |
| 3.9 | Adopting Prior Inconsistent Statements |
| 4.3 | Multiple Defendants |
| 6.2 | Vicarious Liability – Basis |
| 6.3 | Agency or Scope of Employment Conceded |
| 6.5 | Employer and Employee Sued |
| 12.1 | Damages - Jury to Award |
| 12.2 | Extent of Damages - Proximate Cause |
| 12.3 | Burden of Proof - Speculative Damages |
| 12.4 | Multiple Defendants - Size of Verdict |
| 12.5 | Damage Verdict - Multiple Defendants |
| 18.1 | Arrest Defined |
| 18.2 | False Arrest Defined |
| 18.3 | Justification for an Arrest by Law Enforcement Officer |
| 18.5 | Use of Force in Making An Arrest – Resistance Prohibited |
| 18.6 | Damages for False Arrest |

19.1        Assault
19.5        Assault and/or Battery – Excessive Force in Doing Lawful Act

**2.    List of Non-Standard Jury**

a. Defendants proposed instructions are attached**.**

b. Plaintiffs non-standard instructions will be provided to the court under separate cover.

c. Defendant reserves the right to object to Plaintiff's jury instructions not attached hereto.

**Q.  Proposed Verdict Forms**

The parties proposed verdict forms and respective proposed *voir dire* are attached.

Defendants reserve the right to object to Plaintiff's proposed verdict forms at the appropriate time.

Respectfully submitted,

PETER J. NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

*/s/ Toni Michelle Jackson*
TONI MICHELLE JACKSON [453765]
Chief, General Litigation Section III

*/s/ Vanessa E. Atterbeary*
VANESSA E. ATTERBEARY [478070]
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S-070
Washington, D.C. 20001
(202) 727-9624
(202) 727-3625 (fax)
Email: Vanessa.Atterbeary@dc.gov

_/s/ Shana L. Frost_
SHANA L. FROST [458021]
Assistant Attorney General
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
(202) 727-9624
(202) 727-3625 (fax)
Email: Shana.Frost@dc.gov

_/s/ Donald M. Temple_
Donald M. Temple, Esq.
Donald Temple P.C.
1229 15th Street, N.W.
Washington, D.C. 20005
202-628-1101
202-628-1149 (fax)
dtemplelaw@aol.com

_/s/ Rabiah Abdullah_
Rabiah Abdullah, Esq.
Donald Temple, P.C.
1229 15th Street, N.W.
Washington, D.C. 20005
202-628-1101
202-628-1149 (fax)
attorneyabdullah@yahoo.com

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
**GEORGE JOHNSON,**                          )
)
        **Plaintiff,**                          )
)      **C.A. No. 06-1453 (RCL)**
    **v.**                          )
)
**SERGEANT BREDET WILLIAMS,** *et al.*  )
)
      **Defendants.**                          )
_____ )

## DEFENDANTS' VOIR DIRE REQUESTS

1.      This case is a suit by plaintiff George Johnson against MPD Sergeant Bredet Williams and the District of Columbia for money damages for an alleged unlawful seizure, excessive force, false arrest, assault and negligent training and supervision. Is anyone familiar with this case?

2.      In this case plaintiff and defendants have indicated that they may call as witnesses: **read witness list.** Is there any member of the jury panel related to or acquainted with any of these persons?

3.      Have you ever sued, filed a complaint, or made a claim for money against the District of Columbia or employees of the District of Columbia? (If yes, approach the bench).

4.      Have you or members of your family ever been sued by the District of Columbia?

5.      Have you ever been a plaintiff (person suing) or defendant (person being sued) in a lawsuit for any reason? (If yes, give details). Did the suit settle or go to trial? Were you satisfied with the result?

6.      Have any of you, your immediate family, or close friends ever testified as a witness in any trial, including any case against the District of Columbia or any of its employees? For those answering affirmatively:

a. Was it a criminal or civil case?

b. Which side called you as a witness?

c. Did the case involve conduct of a police officer? (Approach the bench)

7.    Have you, as a result of information from any source, formed an opinion concerning the District of Columbia in general or the District of Columbia Metropolitan Police Department that would make it difficult for you to be impartial in this case?

8.    Do any of you feel that when the government is sued, you would be more likely to treat the government differently than if a private citizen had been sued?

9.    Do any of you presently work for or have in the past worked for the District of Columbia? Do any of you have close friends or family members who now work or used to work for the District of Columbia?

10.    Have any of you, your immediate family or close friends ever sat on a jury? What kind of case? Did you (your family member or friend) find for the plaintiff or defendant in a civil trial, or for the government or the defendant in a criminal trial?

11.    Is there any member of the jury panel who feels that because a witness is a police officer, that his or her testimony is entitled to more or less credibility, weight, or believability than that of any other witness?

12.    Have any of you, a member of your immediate family or a close friend ever had any dealings with the D.C. Metropolitan Police Department which would cause any of you to have negative feelings toward police officers in general?

13.    Is there any member of the jury panel, close personal friend or any member of their immediate family who is a police or law enforcement employee/officer?

14.    Have any of you or a close friend or relative been charged with the commission of a crime?

15.    Has any member of the jury panel, close personal friend or member of their

19

immediate family ever attended law school, had any legal training, or been employed by a lawyer or law firm?

16.    This trial may last three days.  Is there anyone here who has fixed medical appointments, confirmed travel arrangements, or child care needs that would conflict with your obligations as a juror?

17.    Will any of you be unable to set aside any natural sympathy you might feel toward any party to this lawsuit and decide this case solely on the evidence presented to you and the court's instructions on the law?

18.    Does any member of the jury panel have any preconceived opinion, bias or prejudice, in favor of claims brought against the police in a case involving unlawful seizure, excessive force, false arrest, assault and negligent training and supervision?

19.    There have been many news stories, both on television and in the newspapers about the District of Columbia Metropolitan Police Department. Do any of you feel that your thoughts about the police department have been so adversely affected by these stories that you would be unable to render a fair and impartial verdict in this case?

20.    If selected as a juror in this case, will you set aside any information regarding police procedure, criminology or law enforcement practices which you may have obtained from television, newspapers or any other source, and will you decide the issues in this case based solely on the evidence you will hear during trial and the court's instructions?

21.    Do any of you have any medical conditions or are taking any medications that would impair your ability to see and hear the witnesses in this case?

22.    Is there anything you have heard so far or is there any other reason at all why you would not be able to sit on this case or why you would prefer to be excused? (Approach the bench).

23.    The plaintiff in this case was stopped based on an anonymous tip that he was

brandishing a gun.  Are there any among you who believe that it is wrong for the police to stop

someone based on an anonymous tip?

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                           )
**GEORGE JOHNSON,**                        )
                                           )
       **Plaintiff,**   )
                                           )        **C.A. No. 06-1453 (RCL)**
       **v.**          )
                                           )
**SERGEANT BREDET WILLIAMS,** *et al.*     )
                                           )
       **Defendants.**  )
_____)

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Defendants, through counsel hereby submit the following proposed jury instructions:

## 1. DEPRIVATION OF CIVIL RIGHTS UNDER §1983

To establish a claim under section 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the constitution or laws of the United States; and,

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine these elements in greater detail.

I instruct you that the first element is satisfied because Sergeant Williams was an official of the District of Columbia at the time of the acts in question.

As for the second element, the Fourth Amendment to the United State's Constitution protects persons from being subjected to unreasonable searches and seizure.

In this case, the plaintiff claims that he was subjected to an unconstitutional seizure by

22

Sergeant Williams.

To establish a claim under §1983, the plaintiff must show that the officers acted intentionally or recklessly. If you find that the acts of the officers were merely negligent, then, even if you find that Mr. Johnson was injured as a result of those acts, you must return a verdict for Sergeant Williams on the §1983 claim.

An act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. An act is reckless if done in conscious disregard of its known probable consequences. In determining whether Sergeant Williams acted with the requisite knowledge or recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

The reasonableness of a particular arrest and search must be judged from the perspective of a reasonable officer based on the information the officer had when the conduct occurred. The relevant inquiry is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting her, without regard to their underlying intent or motivation. Thus, for the plaintiff to prevail on the §1983 claim, you must find that the plaintiff has shown by a preponderance of the evidence that the arrest and search of Mr. Johnson was unreasonable in the circumstances of this case. If the plaintiff has not shown by a preponderance of the evidence that the arrest and search was unreasonable then you must return a verdict for Sergeant Williams.

The third element which the plaintiff must prove is that Sergeant Williams' acts were a proximate cause of the injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between the act or omission of Sergeant Williams and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a

substantial factor in bringing about or actually causing injury, that is, if the injury or damage was

a reasonably foreseeable consequence of a defendant's act or omission.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**GEORGE JOHNSON,**                     )
                                        )
      **Plaintiff,**               )
                                        )     **C.A. No. 06-1453 (RCL)**
      **v.**                      )
                                        )
**SERGEANT BREDET WILLIAMS,** *et al.*  )
                                        )
      **Defendants.**             )
_____ )

### 2. <u>Fourth Amendment</u>

The plaintiff claims that Sergeant Williams unlawfully stopped him, and that this stop and search violated plaintiff's civil rights under the Fourth Amendment of the United States Constitution.

The Fourth Amendment guarantees citizens the right "to be secure in their persons… against unreasonable… searches." All claims that law enforcement officers have used excessive force, in the course of an arrest, investigatory stop or other seizure of a free citizen are analyzed under the Fourth Amendment and its reasonableness standard. Determining whether the search is reasonable under the Fourth Amendment requires a careful balancing of the scope of the particular intrusion, the manner in which it was conducted, the justification for initiating it, and the place in which it is conducted.

The reasonableness of the search must be judged from the perspective of a reasonable officer on the scene, rather than from 20/20 vision of hindsight. The reasonableness inquiry is an objective one. The relevant inquiry is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation. Thus, for plaintiff to prevail, you must find that plaintiff has shown by a preponderance of the evidence that the officer's actions were clearly unreasonable in the

circumstances of this case.   If the plaintiff has not convinced you that the search was

unreasonable then you must return a verdict in favor of Sergeant Williams.

*Bell v. Wolfish*, 441 U.S. 520 (1979)
*Graham v. Connor,* 490, U.S. 386 (1989)
*Cotton v. District of Columbia,* 541 F. Supp. 2d 195 (D.D.C. 2008)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                                        )
GEORGE JOHNSON,                         )
                                        )
              Plaintiff,                )
                                        )        C.A. No. 06-1453 (RCL)
       v.                               )
                                        )
SERGEANT BREDET WILLIAMS, et al.        )
                                        )
              Defendants.               )
_____ )
```

### 3.  <u>No Tax on Award</u>

You are instructed that if you decide that the plaintiff is entitled to an award of monetary

damages, such an award is not subject to income taxation. Therefore you should not consider to

what extent income taxes might reduce the amount to which plaintiff may be entitled.

*Norfolk Western Railroad v. Liepelt,* 444 U.S. 490 (1980)
*Psychiatric Institute of Washington v. Alien,* 509 A.2d 619 (D.C. 1986)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
**GEORGE JOHNSON,**                                 )
                                                    )
       **Plaintiff,**                 )
                                                    )    **C.A. No. 06-1453 (RCL)**
     **v.**                              )
                                                    )
**SERGEANT BREDET WILLIAMS,** *et al.*              )
                                                    )
     **Defendants.**                 )
_____  )

### 4. <u>Damages: No Double Recovery</u>

You may only compensate the plaintiff for a violation of his constitutional rights if you have found his claim of a constitutional violation to have been proved by a preponderance of the evidence.

If you have found that the plaintiff has proved only the common law claims based upon intentional torts or negligence, you may not compensate the plaintiff for violation of his constitutional rights.

Likewise, if you find that plaintiff has only proved a violation of his constitutional rights, but has not proved any intentional tort or negligence, you may compensate plaintiff only for a violation of his federal constitutional rights and you many not compensate her on her common law claims.

However, if you find for the plaintiff on both the constitutional and common law intentional tort or negligence claims, you are instructed that the harm, if any, plaintiff has suffered for any of the alleged wrongs committed by the defendants is the same. That is to say, all of plaintiff's damages are identical no matter what the legal basis of recovery might be.

*Bender v. City of New York*, 78 F.3d 787, 793 (2nd Cir. 1996).

*Lewis v. Kendrick,* 944 F.2d 949, 954 (1st Cir. 1991).

*Quezada v. County of Bernalillo,* 944 F.2d 710, 723 (10th Cir. 1991).

*Gilmere v. City of Atlanta,* 864 F.2d 734,740-741, (11th Cir.), *cert denied.* 493 U.S. 817 (1989).

*Clappier v.Flynn,* 605 F.2d 519, 529 (10th Cir. 1979).

*Dellums v.Powell,* 566 F.2d 216, 225-228 (D.C. Cir. 1977).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                           )
**GEORGE JOHNSON,**                        )
                                           )
                    **Plaintiff,**         )
                                           )      **C.A. No. 06-1453 (RCL)**
              **v.**                       )
                                           )
**SERGEANT BREDET WILLIAMS,** *et al.*     )
                                           )
                    **Defendants.**        )
_____ )

### 5.  <u>Punitive Damages Against the District of Columbia</u>

You are instructed that punitive damages do not lie against the District of Columbia.

*Smith v. District of Columbia.* 336 A.2d 831 (D.C. 1975)
*Ramos v. Dept. of Consumer & Regulatory Affairs.* 601 A.2d 1069 (D.C. 1992)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**GEORGE JOHNSON,**                     )
                                        )
          **Plaintiff,**          )
                                        )    **C.A. No. 06-1453 (RCL)**
       **v.**                  )
                                        )
**SERGEANT BREDET WILLIAMS,** *et al.*  )
                                        )
        **Defendants.**         )
_____ )

### 6.  Negligent Training and Supervision

Plaintiff has alleged that the District of Columbia failed to properly train and/or supervise Sergeant Williams.  In order to prevail on this claim, the plaintiff must show that the District was negligent.  Thus, the plaintiff must prove that the District knew or should have known that Sergeant Williams behaved in a dangerous or incompetent manner.  The plaintiff must also show that the District, with this actual or constructive knowledge, failed to adequately supervise Sergeant Williams.  Moreover, the failure to properly supervise Sergeant Williams must be the proximate cause of Plaintiff's injuries.  An injury is proximately caused by an act, or a failure to act, whenever it appears from a preponderance of the evidence that the act or failure to act played a substantial part in bringing about the injury or damage.  Moreover, it must be shown that the injury or damage was either a direct result or a reasonably probable consequence of the act or failure to act.  If the plaintiff cannot show that the District was negligent in its hiring of Sergeant Williams or in its supervision of Sergeant Williams, or that the District's actions in its hiring or supervision of Sergeant Williams proximately caused Plaintiff's injuries, then your verdict must be for the District of Columbia.

*Schechter v. Merchants Home Delivery, Inc.*, 892 A.2d 415, 431 (D.C. 2006)

31

*Phelan v. City of Mt. Ranier*, 805 A.2d 930, 937-38 (D.C. 2002), quoting *Giles v. Shell Oil Corp.*, 487 A.2d 610, 613 (D.C. 1985).
District of Columbia Standard Jury Instruction 5-12

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

**GEORGE JOHNSON,**                    )
                                       )
              **Plaintiff,**           )
                                       )     **C.A. No. 06-1453 (RCL)**
         **v.**                        )
                                       )
**SERGEANT BREDET WILLIAMS,** *et al.* )
                                       )
              **Defendants.**          )
_____)

## PLAINTIFF'S PROPOSED *VOIR DIRE*

1.      This case is a suit by plaintiff George Johnson against MPD Sergeant Bredet Williams and the District of Columbia for money damages for an alleged unlawful seizure, excessive force, false arrest, assault and negligent training and supervision.  Is anyone familiar with this case?

2.      In this case plaintiff and defendants have indicated that they may call as witnesses: **read witness list.**  Is there any member of the jury panel related to or acquainted with any of these persons?

3.      Have you ever sued, filed a complaint, or made a claim for money against the District of Columbia or employees of the District of Columbia? (If yes, approach the bench).

4.      Have you ever been a plaintiff (person suing) or defendant (person being sued) in a lawsuit for any reason? (If yes, give details). Did the suit settle or go to trial? Were you satisfied with the result?

5..      Have you, as a result of information from any source or life experience, formed an opinion that prevents you from making a fair and impartial judgment about alleged police misconduct?

6.   Is there anything about either party, including plaintiff's race, age, profession or circumstance, that prevents you from rendering a fair and impartial decision in tis case?

7.   Do any of you feel that when the government is sued, you would be more likely to treat the government differently than if a private citizen had been sued?

8.    Do you or any member of your family or close friends suffer any form of heart releated illness.

9.   Do any of you presently work for or have in the past worked for the District of Columbia?

10. Have any of you, your immediate family or close friends ever sat on a jury? What kind of case? Did you (your family member or friend) find for the plaintiff or defendant in a civil trial, or for the government or the defendant in a criminal trial?

11. Is there any member of the jury panel who feels that because a witness is a police officer, that his or her testimony is entitled to more or less credibility, weight, or believability than that of any other witness?

12.   Have any of you, a member of your immediate family or a close friend ever had any experience with African-American males that would cause you to be unfair and impartial in your consideration of this case?

13.     Is there any member of the jury panel, close personal friend or any member of their immediate family who is a police or law enforcement employee/officer?

14.     Has any member of the jury panel, close personal friend or member of their immediate family ever attended law school, had any legal training, or been employed by a lawyer or law firm?

34

15.     This trial may last three days.  Is there anyone here who has a potential reason that they may not be able to serve for that period of time?

16.     Is there any reason whatsoever that you would not be able to fair and impartial in this case?

17.     Does any member of the jury panel have any preconceived opinion, bias or prejudice, in favor police officers?

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **GEORGE JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **C.A. No. 06-1453 (RCL)** |
| **v.** | ) | |
| | ) | |
| **SERGEANT BREDET WILLIAMS,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

_____ )

### DEFENDANTS' PROPOSED VERDICT FORM

### DEFENDANT DISTRICT OF COLUMBIA

### ASSAULT

1.      Do you find by a preponderance of the evidence that Defendant District of Columbia, through the actions of Sergeant Williams, used unreasonable and unnecessary force against Plaintiff Johnson?

_____ YES

_____ NO

### FALSE ARREST

2.      Do you find by a preponderance of the evidence that Defendant, District of Columbia, through the actions of Sergeant Williams, arrested Plaintiff Johnson, and the arrest was without probable cause?

_____ YES

_____ NO

36

3.      If you answered "yes" to question 2 above, do you find by a preponderance of the evidence that Defendant District of Columbia, through the actions of Sergeant Williams, nonetheless, reasonably and in good faith, believed that her conduct towards Plaintiff Johnson was lawful?

_____ YES

_____ NO

## NEGLIGENT TRAINING AND SUPERVISION

4.      Do you find by a preponderance of the evidence that Defendant District of Columbia engaged in negligent training and supervision?

_____ YES

_____ NO

## DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C., SECTION 1983

5.      Do you find by a preponderance of the evidence that Defendant Sergeant Williams intentionally committed acts that violated the constitutional rights of Plaintiff Johnson, by the use of excessive force and/or an unlawful seizure?

_____ YES

_____ NO

6.      If you answered No to questions 1, 2, 4 and 5 STOP.

37

## <u>DAMAGES</u>

7.    If you answered yes to questions 1 and/or 2 and/or 4 and answered no to question 3, what amount of money will fairly and justly compensate Plaintiff Johnson for the damages he sustained? _____


Dated: _____                    _____

                                            Signed:  FOREPERSON


**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| | ) | |
| **GEORGE JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **C.A. No. 06-1453 (RCL)** |
| **v.** | ) | |
| | ) | |
| **SERGEANT BREDET WILLIAMS,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

_____ )

### PLAINTIFF'SPROPOSED VERDICT FORM

### DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C., SECTION 1983

1.      Do you find  that Defendant Sergeant Williams  violated Plaintiff's civil rights by either use of excessive force and/or an illegal stop?

_____ YES

_____ NO

### FALSE ARREST

2.      Do you find that Defendants Sergeant Williams and John Does falsely arrested arrested Plaintiff Johnson?

_____ YES

_____ NO

### ASSAULT

39

3.      Do you find that Defendants Sergeant Williams assaulted Plaintiff Johnson?

_____ YES

_____ NO

## NEGLIGENT TRAINING AND SUPERVISION

4.      Do you find by a preponderance of the evidence that Defendant District of Columbia

engaged in negligent training and supervision?

_____ YES

_____ NO

6.      If you answered No to questions 1, 2, 3 or 4 STOP: If you answered yes to either
of these questions, please continue.

## DAMAGES

7.      If you answered yes to questions 1,  2, 3, or 4 , please state below the  amount of

money that will fairly and justly compensate Plaintiff? _____

Compensatory Damages: _____

Punitive Damages:  _____

Dated:  _____        _____

Signed:  FOREPERSON