**EXHIBIT # 3**

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

GEORGE JOHNSON                          :

       Plaintiff,                       :

                     :      Civil Action No: 06-1453 (RCL)

      v.                              :

SERGEANT BREDET WILLIAMS, et al.,       :

       Defendants                      :

_____        :

## DEFENDANT DISTRICT OF COLUMBIA'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Bobby Gboyor, Paralegal Specialist, Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Washington D.C. 20001, having been first duly sworn under oath, upon information and belief, gives the following answers to these Interrogatories propounded to Defendant:

(a) The information supplied in these answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, its agents, representatives, and attorneys, unless privileged.

(b) The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers and thus does not necessarily purport to be the precise language of the executing party.

(c) Defendant reserves the right to amend, revise or supplement its answers to these Interrogatories if and when new or different information becomes available.

(d) For any additional responsive information made available through deposition testimonies, the Defendant incorporates such information for purposes of giving the Plaintiff

1

notice that such information exists but does not adopt such testimony as accurate and complete.

(e) In accordance with SCR-Civil 33(e), this Defendant will supply documents which respond to Plaintiff's Interrogatory when such an answer "may be derived or ascertained" from the documents supplied and "the burden of deriving or ascertaining the answer is substantially the same" for Plaintiff and this Defendant.

### General Objections

Defendant objects to the production of any information which is protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. Additionally, Defendant objects to any part of the Plaintiff's instructions or interrogatories which seek to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the Defendant's control or not currently known to its attorneys after reasonable inquiry.

### INTERROGATORIES

INTERROGATORY NO 1: Identify all Metropolitan Police Department ("MPD") officers who participated in the road-side detention and/or arrest of Plaintiff George v. Johnson.

ANSWER: Officers Bredet Williams, Myron Glover, Anthony Attardo, Hugh Carew, Jr., Lawrence Beam, two others on robbery detail and possibly another

officer who showed up. Unnamed officers will be identified when that information is available to defendant.

INTERROGATORY NO 2: Identify and describe each and every training session or other form of instruction sponsored or initiated by the District of Columbia, in which each individual you listed in your response to Interrogatory No. I participated, that refers or relates to the proper execution of a *Terry* stop, stop-and-frisk, or any other road-side detention.

**ANSWER: Police officers of the District of Columbia Metropolitan Police Department (MPD) undergo a period of training at the Police Academy before they are enlisted, and each officer further receives a 40 hour mandatory training every year. Both trainings usually include basics on community policing, such as Terry stop, stop and frisk and temporary detention on the road side. Stops and frisks are part of the responsibilities and procedures of the Members of the Metropolitan Police Department. Please refer to General Order 304.10, Police –Citizen Contacts, Stops and Frisks, dated July 1, 1973, hereinafter ("Exhibit G").**

INTERROGATORY NO 3: Set forth all facts that you contend established either reasonable suspicion or probable cause to detain Plaintiff.

**ANSWER: A citizen called the police and reported that someone in a vehicle matching the description of plaintiff's vehicle was waving a gun out of his window.**

INTERROGATORY NO 4: Identify any and all MPD officers who aimed a handgun or any other firearm at Plaintiff during the detention of Plaintiff.

**ANSWER: None.**

INTERROGATORY NO 5: Set forth all facts about which you are aware related to anonymous tip that led to Plaintiffs detention.

**ANSWER: An unidentified caller reported to the police that someone in a vehicle matching the description of plaintiff's vehicle was waving a gun out of his window. Please refer to the Events Chronology, (hereinafter "Exhibit A"), and the Radio Run audio tape, (hereinafter "Exhibit B").**

INTERROGATORY NO. 6: Set forth all information that you contend corroborated the allegations which were made in the anonymous tip that gave rise to Plaintiffs' detention.

**ANSWER: Description of the vehicle, green Ford Explorer 1992 model, and Maryland tag No.658M037, matched the vehicle which plaintiff was driving.**

INTERROGATORY NO 7: State any and all disciplinary measures instituted for each of the past five *(5)* years against each and every MPD officer you identified in your response to Interrogatory No. 1.

**ANSWER: Objection. This interrogatory is overly broad and burdensome, and seeks information that may not be relevant to the circumstance of this case. Without waiving the objection, plaintiff may refer to the personnel and unit files of the named officers, which are withheld presently pending a protective order of the court before disclosure of said information. Alternatively, plaintiff may obtain the information requested from individual officers through deposition.**

INTERROGATORY NO 8: State your policies procedures, and/or guidelines that refer or relate to how and/or whether an MPD officer should respond to an anonymous tip.

ANSWER: Defendant is not aware of any policy specific to this issue. However, guidelines contained in General Order 201.26, Responsibilities and Conduct of Members of the Department, dated November 10, 1976, (hereinafter "Exhibit H"); General Order 304.15, Unbiased Policing, date June 6, 2002 (revised on March 19, 2007), (hereinafter "Exhibit I"); and Exhibit G; may be responsive to this Interrogatory.

INTERROGATORY NO 9: State your policies procedures, and/or guidelines that refer or relate to the circumstances under which an MPD officer may draw his or her firearm.

ANSWER: Policies and procedures requested may be found in General Order 901.07, Use of Force, dated October 7, 2002; (hereinafter "Exhibit C")

INTERROGATORY NO 10: State the number of instances in which an MPD officer accidentally or negligently shot an unarmed individual for each of the past five years.

ANSWER: Objection. This interrogatory is overly broad and burdensome, not limited in scope and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, the interrogatory is irrelevant to the circumstances of this case because no one was shot by the police. Without waiving the objection, plaintiff may refer to any public records that may contain the information requested.

5

INTERROGATORY NO 11: Set forth the number of complaints you have received for each of the past five years referring or relating to an incident of racial profiling involving the police.

ANSWER: Objection. This interrogatory is irrelevant because plaintiff does not allege racial discrimination. Furthermore, based on the facts of the case, defendant had probable cause to stop and frisk the plaintiff on this occasion.

INTERROGATORY NO 12: Identify any and all reports and documents which refer to this incident including arrest, use of force, and other reports.

ANSWER: Please refer to PD 252, Incident –Based Event Report, (hereinafter "Exhibit D"); and also Exhibits A and B.

INTERROGATORY NO 13: Identify any and all written statements made by any officer or witness about this accident.

ANSWER: Please refer to the statement of Bredet Williams, (hereinafter "Exhibit E"), the statement of plaintiff George Johnson, (hereinafter "Exhibit F"), and the statement of Officer Hugh Carew, which forms part of Exhibit D.

I have read the foregoing answers to these Interrogatories, and they are true to the best of my knowledge, information, and belief.

Bobby D. Gboyor
Paralegal Specialist

SWORN AND SUBSCRIBED before me, a Notary Public, this ____ day of

_____ 2007.

6

_____
Notary Public, D.C.
My Commission Expires: 8/3/09

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Sec. III

By: _____
NICOLA N. GREY [492150]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6626
(202) 727-3625 (fax)
E-mail: nicola.grey@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing answers to plaintiff's Interrogatories were mailed, postage prepaid, on this 25 day of May 2007, to:

Donald M. Temple
TEMPLE LAW OFFICES
1229 15TH Street, N.W.
Washington, D.C. 20005

_____
NICOLA GREY
Assistant Attorney General

# EXHIBIT # 4

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GEORGE JOHNSON,                                    :
                                                   :
        **Plaintiff,**                        :
                                                   :
      **v.**                                   : Civil Action No.: 06-1453 (RCL)
                                                   :
SERGEANT BREDET WILLIAMS, et al.,                  :
                                                   :
      **Defendants.**                          :
_____           :

## PLAINTIFF'S ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Plaintiff George Johnson ("Plaintiff") and submits the following Answers to Defendants' Interrogatories.

## I. GENERAL OBJECTIONS

A.    Plaintiff objects to each discovery request to the extent that it seeks information protected from disclosure by the attorney-client, work product or other privileges; such information will not be produced. The inadvertent revelation of any such privileged and protected information shall not be deemed a waiver of any applicable privilege or doctrine with respect to that information or the subject matter thereof.

B.    Plaintiff objects to any discovery requests that seek information not in the possession, custody, or control of Plaintiff, his agents, or his representatives.

C.    Plaintiff objects to any of Plaintiff's instructions, requests and definitions exceeding the requirements provided by the applicable Rules.

D.    Plaintiff objects to all interrogatories, including parts and subparts, exceeding the limitation on number provided by the applicable Rules.

E.     Plaintiff objects to each discovery request to the extent that it is unreasonably vague, broad, repetitious, duplicative or unduly burdensome.

F.     Plaintiff objects to any discovery requests that seek information that is, or should be, readily available to Defendants from their own records and/or documents already provided to Defendants. Duplication and/or recitation of such information would, therefore, be unduly burdensome.

G.     Plaintiff objects to all discovery requests that are not relevant to the claims or defenses involved in the pending action.

H.     Plaintiff objects to any discovery requests that ask him to ratify or recite statutory points and authorities that are entirely matters of law. No response is required to such inquiries, as they are outside the scope of factual discovery.

I.     Plaintiff reserves the right to object to the relevancy, materiality, or admissibility of any information provided in his responses to discovery, either at trial or at any other evidentiary proceeding.

Plaintiff reserves the right to supplement his responses upon discovery of additional responsive information.

## II. SPECIFIC RESPONSES TO INTERROGATORIES

**Interrogatory No. 1.** State your full name, residence addresses since age eighteen (18), date and place of birth, social security number, driver's license number, all names by which you have been known, and the reasons for any name changes.

**Answer No. 1.** George V Johnson Jr.; DOB – 1950, Washington DC; SSN 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; Lic #J525-275-847-964; Nick name "Butch" since birth. Addresses:

• 6/2005 – 09/2006 – 9949 Campus Way South, Largo Md 20774

2

so many guns. If we had moved they were ready to shoot two innocent people, I could see it in their eyes. They pulled us out of the car. Aisha was crying hysterically asking what had we done and why were they doing this to us. They told her to shut up. We were both very nervous and scared to death because we had done nothing wrong. We were driving home obeying all traffic laws and had just enjoyed a concert on my 55th birthday. They walked her to the side of the car took her purse, searched it and walked me to the back of the car and asked where was my ID. Then they walked her to the back of the vehicle as well. I told them my wallet was in my back pocket and started to reach in my pocket to give it to them and suddenly I heard guns being cocked and shouts going out not to move or we're going to shoot over and over, we going to shoot. I was horrified and put my hands back in the air. Guns were pointed in every direction of our bodies. I froze. The police went into my pockets and other officers started searching my car. They asked if I had any drugs, gun or alcohol in the car. I stated no. The car was completely and meticulously clean. I had just washed and waxed it that day at my mom's house a few days earlier. We were standing in the freezing cold shivering and scared to death. I asked the officer why we were being stopped. I was told to shut up, keep your hands up, don't move or we're going to shoot you. After they finished searching the car and they ran our ID's, they came back to us and started asking questions about where we were coming from and did I have a gun or doing drugs or alcohol. I asked why did they stop us. They said they received an anonymous call/tip over the phone with my tag number, car description, our physical descriptions and that I had a gun and was involved in a altercation somewhere. I told them were we were coming from and that it was my 55th birthday. I told them that I've never had a gun, didn't have any drugs or drink any alcohol that night and did have any altercation with no one. I also told them my sister was a retired Lieutenant from that same police precinct they came from, that I came from a law-abiding family, my brother was a police officer also and that my brother in

8

DATED: November 20, 2007

Respectfully submitted,
_____/s/_____
Donald M. Temple, Esq. [408749]
1229 15th Street, N.W.
Washington, D.C. 20005
Tel.: (202) 628-1101
Fax.: (202) 628-1149
dtemplelaw@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th November, 2007, I served the foregoing Answers to

Interrogatories to:

NICOLA N. GREY [492150]
Assistant Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6626; (202) 727-6295
(202) 727-3625 (fax)
E-mail: nicola.grey@dc.gov

_____/s/_____
Donald M. Temple, Esq.

I,  George V. Johnson, Jr. hereby certify that the answers to the government's interrogatories, dated November 7, 2008 are true and correct to the best of my knowledge and recollection.

George Johnson                              9/8/08
                                            September 8, 2008

# EXHIBIT # 5



**GOVERNMENT OF THE DISTRICT OF COLUMBIA**
**METROPOLITAN POLICE DEPARTMENT**

January 18, 2006

Mr. George V. Johnson, Jr.
9949 Campus Way South
Largo, Maryland  20774

Dear Mr. Johnson:

This is to acknowledge receipt of your e-mail dated December 22, 2005, in which you expressed concerns about a traffic stop on December 21, 2005, by Sergeant Bredet Williams and other Fourth District officers.  Your email was forwarded to Lieutenant Eric Hayes for investigation.

The lieutenant's investigation has revealed that after reviewing the tape of the call for service, there was no return name or number, but the complainant did identify your vehicle, a green Ford Explorer with Maryland tags 65M709.  We apologize for any inconvenience this may have caused you, but because of the seriousness of the call, a man waving a gun, the officers were justified in the way they handled the situation.

Thank you for bringing this matter to my attention.  If you have any further question regarding this matter please contact Lieutenant Hayes on (202) 576-6723.

Sincerely,

Hilton B. Burton
Commander
Fourth District