# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**GEORGE JOHNSON,**                 )
                                    )
    **Plaintiff,**          )
                                    )
**v.**                              )    **Civil Action No. 06-01453 (RCL)**
                                    )
**SERGEANT BREDET WILLIAMS,**       )
    *et al.,*               )
                                    )
    **Defendants.**          )
_____)

## MEMORANDUM

On November 3, 2008, the Court granted defendants' Motion in Limine, determining that (1) defendants violated plaintiff's Fourth Amendment rights under the facts alleged by stopping and searching his vehicle based only on an anonymous tip that plaintiff was waving a pistol, but (2) plaintiff was precluded from proceeding with his claims because defendants were protected by qualified immunity.  *See* Mem. Op. [29] and Order [30] (Nov. 3, 2008).  The Court also ordered the parties to submit memoranda on the appropriateness of declaratory relief in this case. *Id.*  The Court, now having reviewed those memoranda, shall issue declaratory judgment in favor of plaintiff.

Defendants argue that plaintiff lacks standing to seek declaratory relief because there is no actual case or controversy.  They contend that because defendants are protected from qualified immunity, no ongoing controversy exists.  (Defs.' Mem. [34] at 3.)  The Court disagrees.  The mere fact that defendants are immune in this case does not obviate plaintiff's constitutional

1

injury.  The controversy posed by the District's unconstitutional behavior—which is possibly ongoing—remains.  Defendants also argue that there is no case or controversy because there is no established likelihood of future injury to plaintiff.  (*Id.* at 4.)  Defendants cited *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983), for this requirement.  But in *Lyons* the plaintiff was seeking *injunctive* relief.  Because here plaintiff is only seeking declaratory relief, he need not establish a likelihood of future injury; the established past injury is sufficient.

Finally, defendants argue that even if plaintiff is awarded declaratory relief, he will not be able to seek attorney's fees as a "prevailing party" under 42 U.S.C. § 1988(b) because declaratory relief would not "affect[] the behavior of the Defendant toward Plaintiff."  (Defs.' Mem. [30] at 4.)  Defendants cite *Rhodes v. Stewart*, 488 U.S. 1 (1988), for this proposition.  In *Rhodes*, plaintiffs had sued prison officials for civil rights violations suffered while they were imprisoned.  Plaintiffs obtained declaratory relief, but not until after one plaintiff had died and the other had been released from prison.  The Supreme Court denied attorneys fees because "[t]he judgment entered . . . did not alter the relationship between the parties, because no relationship existed [at the time it was entered]."  *Nat'l Black Police Ass'n v. D.C. Bd. of Elections & Ethics*, 168 F.3d 525, 528 (D.C. Cir. 1999) (Sentelle, J.) (construing *Rhodes*).  In this case, however, there is still an ongoing police-citizen relationship between plaintiff and defendants.  As such, *Rhodes* would not prohibit plaintiff from being treated as a prevailing party upon issuance of declaratory relief in his favor.

For the reasons stated above, the Court shall enter declaratory judgment in plaintiff's favor.  A separate judgment shall issue this date.

2

Signed by Royce C. Lamberth, Chief Judge, on February 6, 2009.